# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Michael Thorne, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 00-0913-HFS |
| Sprint/United Management, et al., | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION *IN LIMINE*

**COMES NOW**, Michael Thorne, plaintiff, pursuant to the *Federal Rules of Evidence*, and before the *voir dire* examination of the jury panel and out of presence and hearing of said jury panel moves *in limine* the matters in the **Suggestions in Support** simultaneously filed herewith are incompetent, irrelevant and/or prejudicial to any of the material issues in this cause. The injection of such matters into the trial of this cause by any means whatever by any person, attorney, witness, exhibit, document, photograph, chart, summary and/or thing would cause irreparable harm to plaintiff's cause, that no instruction by the Court to the jury or jury panel could cure.

Therefore, in an effort to avoid probable prejudice and a possible mistrial or discharge of the jury panel or jury in this cause, plaintiffs move the Court *in limine* to instruct all attorneys in this cause, and order them in turn to instruct all witnesses they place upon the stand, not to interrogate about, mention, argue and/or show or display any exhibit, document, photograph, chart, summary and/or thing, or make any statements, comments or references to any matters set forth in the **Suggestions in Support** hereto within the hearing of the jury or the jury panel,

without first obtaining the Court's expressed and precise permission and authority, out of hearing of the jury or jury panel to do so, and not to read or display, in whole or in part, or refer, directly or indirectly to, any pleading, exhibit, document, photograph, chart, summary and/or thing, in whole or in part, concerning such matters without such prior expressed and precise permission of the Court.

## SUGGESTIONS IN SUPPORT

The plaintiff has brought claims for hostile work environment harassment due to sex and retaliation under Title VII and the Missouri Human Rights Act.

**1. Any Findings by the EEOC or the MCHR:**

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

The plaintiff requests that this Court not allow into evidence any findings made by the EEOC or the MCHR regarding Mr. Thorne's charges of discrimination which were filed in May 2000. The prejudice caused and confusion of the issues under Fed.R.Evid. 403 would substantially outweigh any relevance regarding these conclusions. The investigation conducted by the EEOC was so cursory in nature, that it should not be given any weight. The EEOC's findings of no probable cause should not be allowed into evidence.

The EEOC's administrative determination is non-binding, and Plaintiff is entitled to a trial de novo in federal court. 42 U.S.C. §2000e-5(f); *Alexander v. Gardner-Denver*, 415 U.S. 36 (1974). It has long been recognized that the federal court has a duty under Title VII to protect and preserve a plaintiff's right to a trial de novo that is not tainted by any prior non-binding administrative determination. In determining the admissibility of EEOC records at a trial, courts

must consider that "Congress, in enacting Title VII, thought it necessary to provide a judicial forum for the ultimate resolution of employment discrimination claims. It is the duty of courts to assure the full availability of this forum." *Gardner-Denver*, 415 U.S. at 60 n.21.

The admission or exclusion of EEOC findings is left to the sound discretion of the trial court. *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1105 (8th Cir. 1988). However, the trial court must make sure that unfair prejudice does not result from admitting into evidence the EEOC's cursory review of the facts that will be examined in more depth during the trail of the case. *Id.* Where the EEOC's findings are cursory conclusions, there is no probative value and its admittance would amount to admitting expert testimony as to what conclusions the jury should draw. *Id.* (citing, *Johnson v. Yellow Freight System*, 734 F.2d 1304, 1309 (8th Cir. 1984). The EEOC's findings lose evidentiary value where evidence presented at trial is more in depth that the facts revealed during an EEOC investigation. *Id.*

In view of the fact that Plaintiff is entitled to a trial de novo, a "no cause" determination may be relevant, but it has no probative value. On the other hand, because this case will be tried before a jury, there is a real danger that admission of this non-binding administrative finding will mislead the jury, confuse the issues, and thereby prejudice the Plaintiff. For these reasons, as supported in *Estes* and *Gardner-Denver*, this Court should not allow the EEOC or MCHR findings into evidence.

2. **Evidence of Plaintiff Having More Than One Attorney**

Prior to being represented by Kirk D. Holman, the plaintiff was represented by David Peterson of Peterson & Associates. In fact, Mr. Peterson represented the plaintiff up to the time that the plaintiff filed his initial pro se Complaint against defendant. After the

Complaint was filed, the plaintiff retained current counsel, Mr. Holman, who in turn filed a first Amended Complaint.

The plaintiff anticipates that defendant may attempt to introduce evidence that Mr. Thorne had to find more than one attorney who was interested in representing his claims. In general, the defendant may also inquire regarding Mr. Thorne's general dissatisfaction and beliefs regarding Mr. Peterson's incompetence. Also, defendant may attempt to offer into evidence statements to the effect that Mr. Thorne's former attorney drafted a resignation letter on behalf of Mr. Thorne. None of these areas have any relevance to the claims before this Court under Rule 402.

The plaintiff's personal opinions regarding his previous counsel are not relevant and would be introduced for the sole purpose of attempting to portray the plaintiff as a man who had to search high and low to find an attorney to represent him. This is clearly not the case. Mr. Peterson's questionable conduct and actions should not be held to the detriment of the plaintiff in this matter. Any relevance that may exist under these two issues would be far outweighed by the prejudicial effect and confusion it may cause the jury under Rule 403. Any evidence about Mr. Thorne's pro se filings and opinions about Mr. Peterson's actions should not be permitted into evidence.

3. **Evidence of Dr. Logan's Opinions that Plaintiff's Medical Distress May be The Result of other Stressors**

Defendant will contend that it needs to offer the testimony of Dr. Logan so that it may controvert plaintiff's claimed medical condition and its causation. However, defendant has failed to plead apportionment of damages as an affirmative defense; as a result, expert testimony

on this issue is irrelevant to the issue of causation. *See Jenson v. Eveleth Taconite Company,* 130 F.3d 1287, (8th Cir. 1997).

In *Jenson*, the defendant sought to minimize its liability for a hostile work environment by alleging that it was caused by forces outside of the work environment, such as domestic abuse, earlier illnesses, and sexual relationships. *Id.* at 1292. The court held that this affirmative defense presented the issue of apportionment of damages. *Id.* at 1293. Apportionment arises when two or more causes have combined to bring harm to a plaintiff. *See Restatement (Second) of Torts* § 433A (1965). When the doctrine of apportionment of damages applies, it is the defendant who must prove that any damage caused by other factors was divisible, and if so, what portion of damages the defendant caused. *Robinson v. Canon U.S.A. et al.,* 99-0339-CV-W-3 (W.D.Mo. April 6, 2000 Order p.3) ("Defendants cannot simply present evidence of alleged stressors and leave it to the jury to determine whether, and to what extent, the emotional damage attributable to plaintiff's various stressors is divisible."); *Northington v. Marin*, 102 F.3d 1564, 1568 (10th Cir. 1996) (the burden of proof shifts to the defendant in the case of concurrent causes); *Jenson*, 130 F.3d at 1294; s*ee also Bottomly v. Leucadia National*, 163 F.R.D. 617, 620 (D. Utah 1995) (Defendants to be exonerated from damages must show that the plaintiff's psychological or emotional condition was not substantially related to defendant's misconduct.).

Here, although it bears the burden of proof on this issue, defendant failed to plead apportionment of damages as an affirmative defense in its original Answer, or its Answer to plaintiff's Amended Complaint. The deadline for a party to move to amend its Answer has long passed. As a result, defendant has waived this affirmative defense; it may not now use the

testimony of Dr. Logan, the results of which would be irrelevant to any of the issues in this case. The court should grant plaintiff's motion on this basis.

4. **Evidence Concerning Plaintiff's Desire for Compensation**

Any testimony regarding alleged statements by plaintiff that he is not seeking any monetary award should be excluded. The probative value of any such testimony is greatly outweighed by its prejudicial effect, and such evidence invades the province of the jury.

5. **Evidence Concerning Plaintiff's Intent to Secure Legal Counsel And Author of Resignation Letter**

Any testimony regarding alleged statements by plaintiff regarding any alleged intentions to secure legal counsel regarding this matter should be excluded. Moreover, testimony regarding the author of Mr. Thorne's Resignation Letter should likewise be excluded as it was drafted by former counsel and Mr. Thorne had no input in its creation. Such evidence has no purpose other than to discredit plaintiff for exercising rights fundamental to or granted by the legal system. *Carlyle v. Lai*, 783 S.W.2d 925, 929 (Mo. App. 1990) (citing with approval *Martinez v. Williams*, 312 S.W.2d 742 (Tex. App. 1958)).

Missouri courts have consistently held that inquiring as to plaintiff hiring legal counsel "injects into the trial an improper issue." *Carlyle*, 783 S.W.2d at 929. "The right to seek the advise of counsel is so fundamental that, absent a justifiable reason and supporting evidence, counsel risk reversal when attempting to discredit a litigant by cross-examining him about the time and circumstances of having consulted an attorney to discuss and exercise his legal rights." Id.

The underlying policy against such evidence clearly reflects the basic principles of justice. "Exercising one's right to utilize the legal system should not normally be used to attempt to discredit a litigant before a jury." *Nguyen v. Haworth*, 916 S.W.2d 887 (Mo. App. W.D. 1996).

Moreover, "if such inquiries are wholly immaterial and can have no effect other than their general tendency to prejudice the jury against the witness or party they are not the subjects of legitimate interrogation and are not permissible." *Hungate v. Hodson*, 185 S.W.2d 646, 649 (Mo. 1945.)

Admitting such evidence has overwhelming inflammatory potential. The probative value of such evidence is greatly outweighed by its prejudicial effect. In *Martinez,* 312 S.W.2d 742 (Tex. App. 1958), defendant appealed a plaintiff's verdict on grounds that he was not allowed to inquire as to the time and circumstances under which plaintiff engaged his counsel. Recognizing that "the defendant merely [sought] to show that the plaintiff [was] a chronic personal injury litigant," the court "affirmed the judgment with a holding that the slight probative value of the jury knowing when and under what circumstances the plaintiff hired his lawyer was outweighed by the danger of unfair prejudice." *Id.* at 752.

Missouri Courts have adopted this priniciple. "Certainly, evidence should be excluded if it unnecessarily diverts the attention of the jury from the question to be decided." *State v. Taylor*, 663 S.W.2d 235 (Mo. 1984). Here, the defendant is offering the above evidence solely for its prejudicial potential in an effort to draw the jury's attention from the true issues in this matter.

6. **Evidence Regarding Plaintiff's Presence at a Gay Bar or Having Gay Friends**

Any testimony regarding alleged statements by plaintiff that he has gone to a gay bar or has friends who are gay should be excluded pursuant to Rule 412. The probative value of any such testimony is greatly outweighed by its prejudicial effect. Moreover, this is The only purpose of this evidence is to imply that Mr. Thorne was not offended by Mr. Hammond's conduct, is homosexual, and attempt to embarrass Mr. Thorne.

7. **Evidence Regarding Plaintiff's Statements Regarding a Merger with MCI-WorldCom**

Any testimony regarding alleged statements by plaintiff regarding a merger with MCI-Worldcom and statements regarding the State of Mississippi and its inhabitants should be excluded. At a staff meeting announcing the proposed merger, Mr. Thorne made arguably disparaging remarks about the residents of Mississippi. The probative value of any such testimony is greatly outweighed by its prejudicial effect. The only purpose of this evidence is to inflame the jury and those individuals that may have family from Mississippi.

8. **Evidence Regarding Mr. Thorne's Application and Subsequent Employment at Birch Telecom**

Any testimony regarding plaintiff's application for employment and subsequent employment at Birch Telecom should be excluded. As Mr. Thorne will be unable to claim lost wages for back pay and front pay as a result of the Court's granting summary judgment on the constructive discharge claim, this evidence is irrelevant.

"In addition, any limited relevance of this evidence is greatly outweighed by the danger of unfair prejudice under Rule 403." *King v. Ahrens*, 16 F.3d 265, 269-270 (8th Cir. 1994) ("The Rule 403 balancing of probative value versus prejudicial effect is an integral step toward a determination of admissibility under either Rule 404(b) or Rule 608(b)."); *Firemens' Fund Insurance Co. v. Thien,* 63 F.3d 754, 760 (8th Cir. 1995) (affirming decision by Judge Gaitan excluding evidence of falsification of airman's logs under Rules 608(b) and 403)."

An employee's performance at prior or subsequent employers is not admissible as character evidence, because plaintiff has not placed his character in issue. Fed.R.Evi. 404; *EEOC v. HBE Corp.,* 135 F.3d 543, 553 (8th Cir. 1998); *see Neuren v.Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1511 (D.C. Cir. 1995) ("[T]he district court admitted the evidence for the purpose specifically

prohibited by Rule 404 – as evidence that she acted in conformity with her behavior at [her former employer] while working for [her current employer]."). For this reason, the court should exclude evidence concerning job performance at prior or subsequent employers and plaintiff's application for employment with Birch.

9.      **Plaintiff's Receipt of Unemployment Benefits**

Plaintiff successfully pursued a claim for unemployment compensation benefits. Under the decision of the United States Court of Appeals for the Eighth Circuit, *Gaworski v. ITT Commercial Finance Corp.*, 17 F.3d 1104, 1114 (8th Cir. 1994), evidence of plaintiff's receipt of unemployment compensation benefits is a collateral source, is not relevant, and is therefore not admissible in evidence.

WHEREFORE, plaintiff prays for an Order directing defendants, their counsel, and any witnesses called on behalf of defendants not to mention, argue, testify or introduce any evidence regarding the matter described above.

**SANDERS, SIMPSON, FLETCHER & SMITH, L.C.**

By__S/ Kirk D. Holman_____
     Michael R. Fletcher #47495
     Kirk D. Holman #50715
     1125 Grand Avenue, Suite 1400
     Kansas City, Missouri 64106
     (816) 471-6444
     FAX: (816) 471-6664
     ATTORNEYS FOR PLAINTIFF

I hereby certify that a copy of
the foregoing was mailed electronically
upon the following:

Karen R. Glickstein, Esq.
Monica M. Fanning, Esq.


S/ Kirk D. Holman