IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL THORNE, )
)
      Plaintiff, )
)
vs. )  Civil Action
)
)  No. 00-0913-CV-W-6
SPRINT/UNITED MANAGEMENT )
COMPANY, et al., )
)
      Defendants. )

**INSTRUCTIONS GIVEN TO**
**JURY ON MARCH 29, 2002**


# INSTRUCTION NO. __A__

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of and during the trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, <u>all</u> instructions, whenever given and whether in writing or not, must be followed.

# INSTRUCTION NO. B

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

During this trial I have occasionally asked questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.

# INSTRUCTION NO. __C__

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

# INSTRUCTION NO. __D__

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

# INSTRUCTION NO. __E__

There are two claims submitted to you in these instructions:

 (1) Plaintiff's claim of hostile work environment based on sexual harassment.

  This claim is submitted by Instruction No. __F__.

 (2) Plaintiff's claim that defendant retaliated against Plaintiff when Plaintiff complained about sexual harassment.

  This claim is submitted by Instruction No. __L__

Depending on the evidence you may find sexual harassment without retaliation or retaliation without sexual harassment--or both--or neither.

# INSTRUCTION NO. __F__

Your verdict must be for plaintiff on plaintiff's sexual harassment claim if all the following elements have been proved by the greater weight of the evidence:

*First*, plaintiff was subjected to sexual harassment; including physical touchings and being improperly followed into restrooms;

*Second*, such conduct was unwelcome; and

✶ *Third*, such conduct was based on plaintiff's sex; and

*Fourth*, such conduct was sufficiently severe or pervasive that a reasonable person in plaintiff's position would find plaintiff's work environment to be hostile; and

*Fifth*, at the time such conduct occurred and as a result of such conduct, plaintiff believed his work environment to be hostile.

If any of the above elements has not been proved by the greater weight of the evidence, or if defendant is entitled to a verdict under Instruction __J__ your verdict must be for defendant and you need not proceed further in considering this claim.

# INSTRUCTION NO. __H__

In order to constitute a sexually hostile work environment, plaintiff must establish that the conduct complained of is based on plaintiff's sex and is sufficiently severe and pervasive to alter the conditions of the plaintiff's employment. The sexual harassment laws are not general civility codes; they require more than simple teasing, offhand comments, customary forms of physical contact between men and isolated incidents (unless sufficiently serious).

# INSTRUCTION NO. ___I___

In order to establish that the conduct was "based on" or because of Plaintiff's sex, as indicated in Instruction ___F___, Plaintiff must show that the harasser treated males and females differently in a mixed gender environment or that the harassment is motivated by sexual desire or improper interest in plaintiff as a male.

If Plaintiff fails to establish one of these elements, you must return a verdict in favor of Defendant, on the sexual harassment claim.

INSTRUCTION NO. __J__

Your verdict must be for defendant on plaintiff's claim of sexual harassment if defendant has proved by the greater weight of the evidence that (a) defendant exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (b) that plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by defendant by failing to report the allegations of harassment promptly in accordance with defendant's policies and procedures.

# INSTRUCTION NO. __K__

If you find in favor of plaintiff under Instruction No. __F__, then you must award plaintiff such sum as you find by the greater weight of the evidence will fairly and justly compensate plaintiff for any emotional pain and suffering you find plaintiff sustained as a direct result of plaintiff's claim of sexual harassment.

# INSTRUCTION NO. __L__

Your verdict must be for plaintiff on his claims for retaliation if all of the following elements have been proved by the greater weight of the evidence:

*First*, plaintiff complained of sexual harassment;

*Second*, plaintiff was denied a portion of a bonus; and

*Third*, plaintiff's complaint about sexual harassment directly caused him to be denied the bonus money.

If any of these elements have not been proven by the greater weight of the evidence, your verdict must be for defendant and you need not proceed further in considering the retaliation claim.

INSTRUCTION NO. __M__

You may not return a verdict for plaintiff just because you might disagree with defendant's actions or believe them to be harsh or unreasonable. An employer has the right to exercise business judgment in making personnel evaluations and bonus decisions and may base its decision in this case on any reason that is not retaliatory, that is, based on disapproval of plaintiff for complaining about sexual harassment.

# INSTRUCTION NO. __N__

If you find in favor of plaintiff under Instruction __L__, then you must award plaintiff such sum as you find by the greater weight ~~preponderance~~ of the evidence will fairly and justly compensate plaintiff for any damages you find plaintiff sustained as a direct result of retaliation toward plaintiff.

*First*, you must determine the amount of any bonus plaintiff would have earned in his employment with defendant if he had not been retaliated against for complaining about sexual harassment.

*Second*, you must determine the amount of any other damages sustained by plaintiff, in the form of emotional pain and suffering. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category or repeat a damage award already made.

# INSTRUCTION NO. __O__

In addition to actual damages, the law permits the jury under certain circumstances to award an injured person punitive damages in order to punish the defendant and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of plaintiff and against the defendant under Instruction __L__, and if you by the greater weight of the evidence that defendant acted with malice or with reckless indifference to plaintiff's right not to be retaliated against for complaining of sexual harassment, then in addition to any other damages to which you find plaintiff entitled, you may, but are not required to, award plaintiff an additional amount as punitive damages if you find it is appropriate to punish the defendant or to deter defendant and others from like conduct in the future. Whether to award plaintiff punitive damages, and the amount of those damages, are within your discretion.

# INSTRUCTION NO. ___P___

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the Clerk, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

If more than one form was furnished, you will bring the unused forms in with you.